**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOSEPH LEBLANC,**

      **Plaintiff,**

**v.**                        **Case No. 8:06-cv-747-T27-EAJ**

**ADVANCE CREDIT CORPORATION;**
**ALLIED INTERSTATE, INC.; NORTH**
**AMERICAN COLLECTORS, INC.;**
**"MR. THOMAS"; WAYNE SARNER;**
**DAVID SEMEL; and JOHN BLAKE,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is the **Motion to Dismiss with Supporting Memorandum of Law of Defendants North American Collectors, Inc., Wayne Sarner, David Semel, and John Blake** (Dkt. 9) and **Response by Plaintiff Joseph LeBlanc in Opposition to Motion to Dismiss** (Dkt. 12).[1]

### I. Procedural Background

Plaintiff filed his Complaint on April 24, 2006, alleging that Defendants Advance Credit Corporation, Allied Interstate, Inc., North American Collectors, Inc., "Mr. Thomas," Wayne Sarner, David Semel, and John Blake violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. Ann. §§ 559.55-559.785 (Dkt. 1). The Complaint asserts three causes of action: Count I for violations of the FDCPA, Count II for violations of the FCCPA, and Count III for punitive damages.

---

[1] The District Judge referred this matter to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 (Dkt. 20).

The causes of action are based on eleven collection letters Defendants mailed to Plaintiff regarding the collection of $10,078.50, ranging in date from June 10, 2004 to April 7, 2006 (Dkt. 1 at Ex. A-J).

Specifically, Plaintiff alleges that Defendants harassed, oppressed, or abused him in connection with the collection of the debt and that Defendants also used false, deceptive, or misleading representation in its collection attempts, in violation of the FDCPA, 15 U.S.C. §§ 1692d and 1692e. Plaintiff also avers that Defendants violated the FDCPA, 15 U.S.C. § 1692g, by failing to validate the debt. For these same reasons, Plaintiff asserts that Defendants' letters are in violation of the FCCPA, Fla. Stat. Ann. § 559.72. Finally, Plaintiff alleges that these violations are intentional torts that provide the basis for the recovery of punitive damages.

On May 30, 2006, with the exception of Allied Interstate, Inc., whom Plaintiff voluntarily dismissed as a defendant (see Dkts. 18, 19), the Defendants who had been served with process filed the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Two defendants did not join in the motion; the docket for this case indicates that Defendant "Mr. Thomas" has not been served with process (Dkt. 17), and Plaintiff did not serve Defendant Advance Credit Corp. until September 30, 2006, after the filing of the motion to dismiss and after the 120-day time period for service under Fed. R. Civ. P. 4(m) had expired (Dkt. 22).[2]

In their Motion to Dismiss, Defendants North American Collectors, Inc., Wayne Sarner, David Semel, and John Blake (the "Moving Defendants") argue that Plaintiff's claims are barred by the FDCPA's one-year statute of limitations (Dkt. 9). Moving Defendants further maintain that this

_____

[2] After the initial summons issued to Advance Credit Corp. was returned unexecuted on July 10, 2006, Plaintiff served the party pursuant to an alias summons (Dkt. 16). However, the alias summons was not issued until August 30, 2006, after the 120-day service period had expired (Dkt. 21). The alias summons was returned executed on October 10, 2006 (Dkt. 22).

2

court should not retain supplemental jurisdiction over Plaintiff's purely state law claims brought pursuant to the FCCPA. Finally, the Moving Defendants argue that certain of Plaintiff's allegations involving FCCPA violations should be dismissed as a matter of law (Dkt. 9).

Plaintiff's response in opposition to the motion asserts that the Moving Defendants misread Plaintiff's Complaint (Dkt. 12). Plaintiff contends that his Complaint asserts allegations against the Moving Defendants under the state FCCPA only, and therefore the federal FDCPA's one-year statute of limitation is inapplicable (Id. at 2). Plaintiff also responds that this court should exercise its supplemental jurisdiction over his state FCCPA claims because both the FCCPA claims and the FDCPA claims arise out of the same facts and constitute a single case or controversy (Id. at 7-8). Finally, Plaintiff states that none of the FCCPA allegations should be dismissed as a matter of law because they are issues of fact for the fact finder. Neither party presents evidence other than the exhibits attached to Plaintiff's Complaint.

**II. Standard of Review**

A Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense when the complaint shows on its face that the limitation period has run. Avco Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982) (citations omitted). When considering a Rule 12(b)(6) motion to dismiss, a court must accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (citation omitted). A motion to dismiss may be granted only when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1187 (11th Cir. 2004), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### III. Discussion

#### A.    The Complaint Alleges FDCPA Violations Against the Moving Defendants

The Moving Defendants argue that Plaintiff's claims under the federal FDCPA are barred because the Complaint was filed more than a year after than the date on which the alleged dunning letters were sent (Dkt. 9 at 3).  Plaintiff responds that the Complaint "makes it clear" that none of the Defendants is being sued under the federal FDCPA (Dkt. 12 at 6).  Thus, before determining whether the FDCPA's statute of limitations bars Plaintiff's action against the Moving Defendants, the court must determine whether the Complaint actually alleges that the Moving Defendants are liable under the FDCPA.  The undersigned concludes that it does.

Despite that paragraph 23 of the Complaint states that only Advanced Credit Corp. and "Mr. Thomas" – the non-moving Defendants – are liable for the violations of the FDCPA, paragraphs 13 through 18 nonetheless allege violations of the FDCPA by each of the Defendants (Dkt. 12 at 5-7). Further, at the close of the Complaint, Plaintiff demands judgment "against the Defendants" pursuant to the FDCPA, 15 U.S.C. § 1692(k), implying that all Defendants should be held liable under federal law (Id. at 13). Therefore, the Complaint reads as though Plaintiff intended to hold all of the Defendants liable under federal law; the Moving Defendants reasonably believed that the Complaint alleges that they violated the FDCPA.

#### B. The FDCPA's One-Year Statute of Limitations

An action brought pursuant to the federal FDCPA must be brought within one year of the date on which the alleged violation occurred.  15 U.S.C. § 1692k(d).  However, an action under the state FCCPA may be brought within two years of the date on which the alleged violation occurred.  Fla. Stat. Ann. § 559.77(4).  Consequently, if a plaintiff alleges violations of both the FDCPA and the

4

FCCPA arising from the same activity, that plaintiff will have one year from the date of the activity to make a complaint under the FDCPA but will have two years to allege the same violation under the FCCPA.

The statute of limitations has run on Plaintiff's FDCPA claims against the Moving Defendants. The violations of the FDCPA alleged in Count I of the Complaint against the Moving Defendants are based solely on letters ranging in date from June 10, 2004 to September 20, 2004.[3] As Plaintiff filed his Complaint on April 24, 2006, the FDCPA's one-year statute of limitations has run, and these claims are barred. 15 U.S.C. § 1692k(d). Therefore, the Moving Defendants' motion to dismiss should be granted with regards to the FDCPA claims.

However, because the alleged dunning letters were sent within two years of the filing of the Complaint, the statute of limitations on the FCCPA claims has not yet tolled, and the court next discusses whether the exercise of supplemental jurisdiction is appropriate.

**C. Supplemental Jurisdiction over Plaintiff's State Law Claims**

Under 28 U.S.C. § 1367(a), in any civil action over which the district courts have original jurisdiction, the court may exercise supplemental jurisdiction over state claims that are so related to that action that they form part of the same case or controversy under Article III of the United States Constitution. See Lucero v. Trosch, 121 F.3d 591, 597 (11th Cir. 1997), citing Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1566 (11th Cir. 1994). The statute "reflects a dichotomy between a district court's power to exercise supplemental jurisdiction, § 1367(a), and its discretion not to

---

[3] The FDCPA statute of limitations begins to toll on the day after the letters are mailed. Maloy v. Phillips, 64 F.3d 607, 608 (11th Cir. 1995). However, even if this were not the case, Plaintiff states in paragraphs 13-18 the dates on which he received the letters; each date is more than one year before Plaintiff filed his Complaint (Dkt. 1 at 5-7).

5

exercise such jurisdiction, § 1367(c)." <u>Parker v. Scrap Metal Processors, Inc.</u>, No. 05-16904, 2006 WL 3007191 at *6 (11th Cir. October 24, 2006) (citations omitted).  The constitutional "case or controversy" standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim.  <u>Id.</u>, <u>citing</u> <u>United Mine Workers of America v. Gibbs,</u> 383 U.S. 715, 725 (1966); <u>see also</u> <u>Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians</u>, 177 F.3d 1212 (11th Cir. 1999).  Claims arising from a "common nucleus of operative fact" necessarily involve "the same witnesses, presentation of the same evidence, and determination of the same, or very similar facts."  <u>Palmer</u>, 22 F.3d at 1563-64.

Here, Plaintiff's state law claims under the FCCPA arise out of the same nucleus of facts as Plaintiff's federal FDCPA claims against Defendants.  Both the federal and state claims are based on letters that are substantially similar in both form and content.  Each letter attempts to collect the same debt from Plaintiff (Dkt. 1, Ex. A-J).  <u>See, e.g.,</u> <u>Palmer</u>, 22 F.3d at 1563 (holding that a federal court may exercise supplemental jurisdiction over state claims which involve the same evidence and determination of the same, or very similar, facts); <u>Lucero</u>, 121 F.3d at 598 (holding that a federal court may exercise supplemental jurisdiction where both the federal claim and state claims rely on the identical actions of the defendants).  It is of no consequence that the parties to the FDCPA claims may differ from the parties to the FCCPA claims; "it is clear from section 1367 itself that the parties to the federal and supplemental claims need not be identical in order for supplemental jurisdiction to lie."  <u>Tamiami Partners, Ltd.</u>, 177 F.3d at 1224.

Once a district court determines that it has the power to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a), however, the court should turn to the second part of the § 1367 analysis,

i.e., the district court's discretionary authority to dismiss supplemental claims under § 1367 (c).[4]

Lucero, 121 F.3d at 598; see also Barcel v. Lele, No. 8:05-CV-1519-T-23, 2005 WL 3468282 at *3

(M.D. Fla. Dec. 19, 2005) (stating that "as a practical matter, the district court enjoys the most

favorable vantage from which to weigh the competing interests in 28 U.S.C. § 1367 and to assess the

exercise of supplemental jurisdiction"). Section 1367(c) grants the district court such discretion in

four situations, discussed below:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the
> district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction,
> or
> (4) in exceptional circumstances, there are other compelling reasons for declining
> jurisdiction.

28 U.S.C. § 1367(c).

Section 1367(c)(1) states that the district court may decline to exercise supplemental

jurisdiction if the claim raises a novel or complex issue of state law. In this case, the fact that

Plaintiff's claim is brought pursuant to a frequently litigated Florida statute and that there is ample

existing case law regarding the statute defeats this argument. See e.g., Gard v. Teletronics Pacing

Sys., Inc., 859 F. Supp. 1349, 1354 (D. Colo. 1994) (noting that established state law on an issue

defeats assertion that issue is novel).

Next, § 1367(c)(3) states that the court may decline to exercise jurisdiction where it has

dismissed all claims over which it has original jurisdiction. This argument is also without merit

because the FDCPA claims against Defendants Advance Credit Corporation and "Mr. Thomas" over

_____

[4] Section 1367(b) is inapplicable here because the court does not have original jurisdiction
founded solely on 28 U.S.C. § 1332.

which this court has original jurisdiction remain. Whether these counts should be dismissed is outside of the scope of this report and recommendation, which considers only the Moving Defendants' motion to dismiss.

As for § 1367(c)(2), regarding predominance of state law claims, "[a] federal court will find substantial predominance when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." Parker, 2006 WL 3007191 at *8. In this case, with the dismissal of the federal claims against the Moving Defendants, the only remaining federal claims are against "Mr. Thomas" (who has not been served after 120 days) and Advance Credit Corp. (who Plaintiff served via alias summons more than 120 days after he filed his Complaint). Therefore, two out of Plaintiff's three counts allege state law causes of action, and the remaining federal claim lies only as to two of the six Defendants. In this context, state law claims substantially predominate over Plaintiff's narrow federal claim. See Barcel v. Lele, 2005 WL 3468282 at *3 (holding that state law claims predominate when eight of the complaint's 13 counts allege claims under Florida law only).

Finally, the court should also decline to exercise supplemental jurisdiction over Plaintiff's state law claims under § 1367(c)(4). The court evaluates judicial economy, convenience, fairness to the parties, and whether all claims would be expected to be tried together when considering whether "exceptional circumstances" exist. Parker, 2006 WL 3007191 at *9. Evaluating these factors, the undersigned recommends that supplemental jurisdiction not be exercised. Although the case was filed in April of 2006, a trial has not been set, and the docket sheet indicates that neither of the parties have expended significant resources on the case, nor has the court . Therefore, the court should refuse to exercise supplemental jurisdiction over Plaintiff's state law causes of action.

**D. Allegations Subject to Dismissal as a Matter of Law**

The Moving Defendants also argue that certain allegations of FCCPA violations set forth in the Complaint are subject to dismissal as a matter of law.  The Moving Defendants assert, among other things, that none of the written communications at issue use "simulated legal or judicial process, or gave the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law" as Plaintiff alleges in the Complaint (Dkt. 9 at 6).

Plaintiff argues that the reasonable disagreements regarding inferences to be drawn from the language of the dunning letters are issues for the trier of fact; Plaintiff cites summary judgment case law to support this argument (Dkt. 12).

The undersigned does not reach this argument due to the recommendation that the court dismiss the federal claims against the Moving Defendants and decline to exercise supplemental jurisdiction over the remaining state law causes of action.

Accordingly and upon consideration, the undersigned **RECOMMENDS** that:

(1)     The **Motion to Dismiss with Supporting Memorandum of Law of Defendants North American Collectors, Inc., Wayne Sarner, David Semel, and John Blake** (Dkt. 9) be **GRANTED** on statute of limitations grounds as to Plaintiff's federal claims against the Moving Defendants; and

(2)     the court decline to exercise supplemental jurisdiction over Plaintiff's state law causes of action against the Moving Defendants.

Dated: December 13th, 2006

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to he proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal and a de novo determination by a District Judge. See 28 U.S.C. §636(b)(1).